FILED
SUPERIOR COURT
OF GUAM

2014 NOV -4 PM 2: 35

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| KAMLESH K. HEMLANI, individually and derivatively in the name of and on behalf of Radhi Puran Trust, <br><br> Plaintiff, <br><br> vs. <br><br> MANU & ANITA MELWANI, JETHMAL K. MELWANI, ISHWAR P. HEMLANI, VINOD I. & YOGITA V. HEMLANI, RADHI P. HEMLANI ESTATE, PARAMANAND MELWANI ESTATE, RADHI'S FOUNDATION, RPT, RADHI FAMILY TRUST, PACIFIC RAINBOW, INC., SAFETY 1ST SYSTEMS INC., PACIFIC AMERICAN TITLE INSURANCE & ESCROW COMPANY, VASUDEV B. HEMLANI, P. D. HEMLANI FOUNDATION, LTD., CHITRA HEMLANI, SONA HEMLANI, PADI DARYANANI, AND DOES 1-95, <br><br> Defendants. | CIVIL CASE NO. CV1527-13 <br><br> DECISION AND ORDER |

### INTRODUCTION

This matter came before the Honorable James L. Canto II for: 1) Defendants Manu Melwani, Anita Melwani, Ishwar P. Hemlani, Vinod I. Hemlani, Yogita V. Hemlani, Pacific Rainbow, Inc., Safety 1st Systems, Inc., Pacific American Title Insurance & Escrow Company, Chitra Hemlani, and Sona Hemlani's "motion to dismiss or alternative motion to stay," filed on



May 9, 2014; 2) Defendants P. D. Hemlani Foundation, Ltd. and Vasudev B. Hemlani's "motion to dismiss, or in the alternative, stay action and to expunge *lis pendens*," filed on May 9, 2014; and 3) Defendant Radhi P. Hemlani Estate's "motion to dismiss for insufficient process and/or insufficient service of process," filed on May 9, 2014. Defendant Radhi Puran Foundation, formerly known as Radhi's Foundation, and Defendant Padi Daryanani joined the first motion on May 9, 2014. Oral arguments were heard on August 6, 2014. Attorney Thomas M. Tarpley appeared on behalf of Plaintiff while Attorneys Jeffrey A. Cook, Bill R. Mann, Louie J. Yanza, and Rodney J. Jacob represented Defendants. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On December 17, 2013, Plaintiff filed a verified complaint against Defendants, in various capacities, alleging the following causes of action: accounting; inspection of records; declaratory relief; assisting or participating in a breach of fiduciary duty; constructive trust, violation of 18 GCA § 65301, and return of property; unjust enrichment; appointment of special master; and appointment of receiver. (Verified Compl., 29-37, Dec. 17, 2013). In sum, Plaintiff, a successor co-trustee of the Radhi Puran Trust (hereinafter "RPT"), alleges that the RPT has been managed against the original purposes of the trust by, and for the benefit of, various Defendants.

On May 9, 2014, Defendants Manu Melwani, Anita Melwani, Ishwar P. Hemlani, Vinod I. Hemlani, Yogita V. Hemlani, Pacific Rainbow, Inc., Safety 1st Systems, Inc., Pacific American Title Insurance & Escrow Company, Chitra Hemlani, and Sona Hemlani's (hereinafter "Manu, et al.") "motion to dismiss or alternative motion to stay." They argue that Plaintiff does not have standing to maintain this litigation without the consent of at least one other co-trustee pursuant to the first amendment of the RPT. (Mot. Dismiss – Manu, et al., 2-5, May 9, 2014). In the alternative, Defendants argue that this litigation should be stayed pending resolution of the petition to remove Vasudev Hemalni as successor co-trustee filed by Defendant Radhi's Foundation, now known as the Radhi Puran Foundation. *Id.* at 5. The

petition seeks removal of Vasudev B. Hemlani as a successor co-trustee of the RPT because of his position that any remaining assets in the RPT must be transferred to the P. D. Hemlani Foundation, Ltd. (hereinafter "PDHF"), of which he is the President. *Id.* at 7-8; Exhibit B. According to the petition, the RPT mandates that Radhi's Foundation be the sole beneficiary of the RPT. Therefore, there is a conflict of interest with Vasudev B. Hemlani's position as successor co-trustee of RPT and President of the PDHF. *Id.* at Exhibit B. Furthermore, Defendant argues that this case should not proceed until Radhi Hemlani's Estate has been made a party through its representative. *Id.* at 9. Defendants Radhi Puran Foundation, also known as Radhi's Foundation, and Padi Daryanani joined this motion.

On May 9, 2014, Defendants PDHF and Vasudev B. Hemlani filed a "motion to dismiss, or in the alternative, stay action and to expunge *lis pendens*." Defendants argue that the action must be dismissed because the District Court of Guam has prior exclusive jurisdiction over the RPT and over the subject matter of this dispute under the prior exclusive jurisdiction doctrine. (Mot. Dismiss – PDHF, 6-9, May 9, 2014). In the alternative, they argue that the Court should stay the action until the issues before the federal district court are resolved. *Id.* at 9-10. Furthermore, Defendants argue that Plaintiff lacks standing to assert any claims on behalf of the RPT because the Public Guardian has not yet been discharged as Trustee *ad litem*, because Plaintiff is not a successor trustee, and because Plaintiff's conduct bars him from acting as a successor trustee. *Id.* at 11-16. Lastly, Defendants argue that Plaintiff's *lis pendens* of December 17, 2013 should be expunged for the above reasons. *Id.* at 16.

On May 9, 2014, Attorney Jeffrey A. Cook filed a "motion to dismiss for insufficient process and/or insufficient service of process." Plaintiff served the law offices of Cunliffe & Cook with the summons and complaint in this case, and the summons was directed to the Radhi P. Hemlani Estate. (Mot. Dismiss – Cook, 2, May 9, 2014). Cook argues that the service of the summons and complaint is insufficient because the summons does not name the court appointed executor or administrator of the Radhi P. Hemlani Estate and the law firm of Cunliffe & Cook did not represent a court appointed executor or administrator of the Radhi P. Hemlani Estate at the time of the motion. *Id.*


ORIGINAL

On June 27, 2014, Plaintiff filed an opposition to Manu, et al.'s motion. Plaintiff argues that Manu, et al.'s motion must be denied since Vasudev B. Hemlani is legally unable to serve as a trustee and trust law permits one trustee to bring an action against his co-trustees to compel the latter to perform their duties or to enjoin them from committing a breach of trust, or to compel them to redress a breach of trust. (Opp'n Mot. – Manu & Co., 4, Jun. 27, 2014). Furthermore, Plaintiff asserts that he does not need authorization from the other co-trustees to sue them. *Id.* at 5-6. In addition, Plaintiff claims that the alternative motion to stay must also be denied because Plaintiff's complaint was filed before Radhi Puran Foundation's petition to remove Vashi Hemlani as successor co-trustee. *Id.* at 16. Plaintiff also recognizes that a personal representative must defend the claims of an estate and that, at the time of the motion, no one had been appointed as a representative for the Radhi P. Hemlani Estate. *Id.* at 7. However, Plaintiff argues that this is not a sufficient reason to dismiss the claims against the other defendants. *Id.*

On June 27, 2014, Plaintiff filed an opposition to Defendants PDHF and Vasudev B. Hemlani's motion. Plaintiff argues that the District Court of Guam does not have "exclusive jurisdiction" when Plaintiff is not a party in the lawsuit in the case in federal court and the federal court has not assumed jurisdiction over the subject matter of this case. (Opp'n Mot. – PDHF, 5-8, Jun. 27, 2014). Furthermore, Plaintiff argues that he has standing to assert his claims on behalf of the trust. *Id.* at 8-12.

On June 27, 2014, Defendants PDHF and Vasudev B. Hemlani filed a response to Manu, et al.'s motion to dismiss. Defendants PDHF and Vasudev B. Hemlani argue that this case should be dismissed for the reasons set out in their motion and not based on the reasons set out in Manu, et al.'s motion. Defendants PDHF and Vasudev B. Hemlani argue that neither Don Hemlani nor Plaintiff are successor trustees of the RPT and that the Radhi's Foundation is not the beneficiary of the trust. (Response, 1-4, Jun. 27, 2014). Defendants PDHF and Vasudev B. Hemlani also reassert that the case should be dismissed because of the pending federal court action. *Id.* at 1.

ORIGINAL

On July 25, 2014, Defendants Manu, et al. filed a reply. They argue that co-trustees can sue one another regarding disputes as to the ongoing administration of the trust, but it does not authorize one co-trustee to unilaterally take action on behalf of a trust by suing third parties in violation of a requirement requiring majority consent to take action for the trust. (Reply - Manu & Co., 1-2, Jul. 25, 2014). In the alternative, they reiterate that this case should be stayed until the resolution of Radhi's Foundation's petition to remove Vasudev B. Hemlani as trustee and the appointment of a representative for the Radhi P. Hemlani Estate. *Id.* at 3-8.

On July 25, 2014, Defendants PDHF and Vasudev B. Hemlani filed a reply. They argue that Plaintiff failed to refute their showing that this action must be dismissed due to the federal court's prior exclusive jurisdiction. (Reply – PDHF, 1, Jul. 25, 2014). Regardless of whether Plaintiff is a party to the action, they assert that what Plaintiff seeks in this action are issues raised in the federal court case and that the prior exclusive doctrine applies here. *Id.* at 2-3. Furthermore, they claim that Plaintiff did not refute their showing that Plaintiff does not have standing to bring this action. *Id.* at 5-10.

## DISCUSSION

### I.     The Doctrine of Prior Exclusive Jurisdiction

The U.S. Supreme Court has articulated the following doctrine when a federal court and a state court must both assume control of the property which is subject to litigation: "if the two suits are *in rem*,[1] or *quasi in rem*,[2] so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought[,] the jurisdiction of the one court must yield to that of the other." *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466 (1939). Therefore, between

---

[1] An action "*in rem*" is defined as "an action determining the title to property and the rights of the parties, not merely among themselves, but also against all persons at any time." *Geomat & Sons, Inc. v. Hong Kong and Shanghai Banking Corp. Ltd.*, Civil No. 10-00001, 2011 WL 1317248, *4 n. 4 (D. Guam Mar. 25, 2011) (citation omitted).
[2] An action "*quasi in rem*" is defined as "an action brought against the defendant personally, with jurisdiction based on an interest in property, the objective to deal with the particular property or to subject the property to the discharge of the claims asserted." *Id.* (citation omitted).



federal and state courts, "the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other." *Id.* Put simply, when one court is exercising *in rem* or *quasi in rem* jurisdiction over a *res*, a second court will not assume *in rem* or *quasi in rem* jurisdiction over the same *res. Id.*; *see also Marshall v. Marshall*, 547 U.S. 293, 311 (2006) (citations omitted). This doctrine applies to suits brought to administer trusts and is "necessary to the harmonious cooperation of federal and state tribunals." *Princess Lida,* 305 U.S. at 466-67.

In this case, it is undisputed that PDHF filed an action in federal court (Civil Case No. 12-00028) on November 21, 2012 to obtain an accounting of the RPT, to restore the RPT, to secure the RPT's assets, and to preserve the RPT's intentions by asking the federal court to appoint PDHF as the RPT's sole charitable beneficiary. (Decl. of Rodney J. Jacob, Exh. 1, May 9, 2013). Therefore, the federal court action is within the purview of the doctrine of prior exclusive doctrine as it concerns matters involving a *res*, that being the RPT, and its administration. *See Cassity v. Pitts*, 995 F.2d 1009, 1012 (10th Cir. 1993) ("a suit that concerns or determines the ownership, control and administration of a trust and the powers, duties and liabilities of the trustees is either *in rem* or *quasi in rem.*"). On December 16, 2013, Plaintiff filed suit to allege mismanagement of the RPT and seeks relief that involves the RPT. (Verified Compl., Dec. 16, 2013). Plaintiff seeks this Court declare who has the right to act as trustee, to remove certain successor trustees, to oversee the assets in the trust, and to appoint a receiver. *Id.* In essence, Plaintiff filed suit to determine the administration of the RPT. *Id.* Therefore, the same *res* is subject to litigation in the two cases and *in rem* or *quasi in rem* jurisdiction must be exercised by both courts. *Cassity*, 995 F.2d at 1012. Under the prior exclusive jurisdiction doctrine, the Court is without jurisdiction to review this matter because the federal court action was filed before this instant action. *Princess Lida,* 305 U.S. at 466-67.

Plaintiff argues that, because Plaintiff is not a party to the matter in the federal court, the prior exclusive doctrine does not apply. (Opp'n Mot. – PDHF, 5-8, Jun. 27, 2014). The Court disagrees. The administration of a *res*, namely the RPT, is at issue in both cases, and whether

ORIGINAL

Plaintiff is a party in the federal court case has no bearing on the applicability of the prior exclusive jurisdiction doctrine.

Plaintiff further argues that the prior exclusive doctrine does not apply when Magistrate Judge Manibusan issued a Report and Recommendation on June 16, 2014 finding that PDHF lacks standing in federal court and recommending the district judge to grant the defendants' motion to dismiss. (Decl. of Thomas M. Tarpley, Exh. B, Jun. 27, 2014). However, the district judge has yet to adopt Judge Manibusan's Report and Recommendation. (Mot. Hr'g, Record Log at 9:41:41, Aug. 6, 2014). If Judge Manibusan's Report and Recommendation is adopted and PDHF's complaint is dismissed in federal court, the prior exclusive jurisdiction doctrine would no longer apply and the Court has jurisdiction and ability to review the case. However, if the district judge fails to adhere to Judge Manibusan's Report and Recommendation, the prior exclusive doctrine will remain in effect.

Because this Court's jurisdiction is contingent upon the district judge's decision in the federal court case, the Court hereby stays all matters in this case until the district judge's decision as to Judge Manibusan's Report and Recommendation and the resolution of the federal court case. The other motions filed in this matter shall be considered after the stay.

## CONCLUSION

Based upon the foregoing, only Defendants P. D. Hemlani Foundation, Ltd. and Vasudev B. Hemlani's motion to stay the action is hereby GRANTED. Thus this case is stayed in its entirety until otherwise ordered by this Court.

SO ORDERED this _____ day of November, 2014.

HON. JAMES L. CANTO II
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: Tarpley; J. Cook; B. Mann; L. Yanza; RJacob
Date: 11/4/14 Time: 2:55p

Deputy Clerk, Superior Court of Guam

ORIGINAL